IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-3508-CMA-CBS

KATHRYN ROMSTAD and
MARGARETHE BENCH, on behalf of themselves and others similarly situated,

    Plaintiffs,

vs.

THE CITY OF COLORADO SPRINGS, a municipal corporation, and in its capacity as a governmental enterprise doing business as Memorial Health System,

    Defendant.
_____

**ORDER REGARDING CERTAIN DISCOVERY DOCUMENTS**
_____

    This matter having come before the Court on the parties' Stipulated Motion for Entry of Proposed Order Regarding Certain Discovery Documents, the Court finds and orders as follows:

    1.    The Court has reviewed and approves the parties' stipulated motion.

    2.    In discovery requests served on May 19, 2015, Plaintiffs requested that Defendant identify and produce all disclosure and discovery documents previously produced by the City of Colorado Springs and PERA in a prior case filed in Denver District Court, <u>City of Colorado Springs v. PERA</u>, case no. 2012 cv 5714.  Defendant has made certain objections to these requests, and does not waive them by entering into the parties' stipulated motion.

3.      Defendant has obtained from its counsel in the prior case the documents produced in that case, and is reviewing these documents and will produce them to the extent set forth below:

a)      <u>CITY documents marked "confidential" or privileged</u>.  Defendant will review the documents bates labeled in the prior case as "CITY 00____," to attempt to locate all the "confidential" documents and all the documents that may be privileged or subject to the work product rule.  Defendant will create a log containing information about these documents. The parties will then confer regarding these documents, including whether the documents are discoverable in this case, whether Defendant seeks to keep them confidential or privileged, and how they might be produced without violating the state court protective order.  If the parties cannot reach agreement, either party may submit the issue to the Court in this case.

b)      <u>CITY documents not marked "confidential" and not privileged</u>. Defendant will produce these documents to Plaintiffs.

c)      <u>PERA documents marked "confidential."</u>  PERA has objected to the production of the documents bates labeled in the prior case as "PERA 00____," and marked "confidential" so Defendant will not produce them at this time.

d)      <u>PERA documents not marked "confidential."</u>  Defendant received permission from counsel for PERA to release these documents to Plaintiffs. Defendant will review the PERA documents to remove "confidential" documents and produce the remaining PERA documents to Plaintiffs.

4. Some of the documents produced by the City of Colorado Springs in the prior case were redacted, presumably because prior counsel claimed that they were protected by the attorney-client privilege or the work product rule. Defendant has requested all the privilege logs from its prior counsel and, if received, will provide those to Plaintiffs at the time it produces the non-confidential documents referred to in ¶ 3b above. Defendant will also produce the log it prepares as referred to in ¶ 3a above, in a reasonably prompt time after its completion. If Plaintiffs dispute a claim of privilege as to any document, the parties will confer. If an agreement cannot be reached, Plaintiffs may request the Court to order production of the document.

5. The purpose of the clawback agreement in the following paragraphs is to memorialize the agreement and allow Defendant confidence that its disclosure of a large amount of documents that reasonably could contain some inadvertently produced "confidential" and attorney-client or work product material will not be treated as a waiver without Defendant having an opportunity to request return of such material.

6. Defendant has produced to Plaintiffs a very large volume of documents (the CITY Bates numbers go beyond 127,000 and the PERA Bates numbers go beyond 20,000), and because Plaintiffs seek to obtain access to these documents as soon as possible, Defendant has only limited time to review the documents to determine which ones are marked "confidential" and which are privileged as stated in paragraph ¶ 3a above, for the purposes of proceeding under paragraph 3. This Court approves the parties' agreement that because of the volume of documents, time considerations, and the review

of the documents by other attorneys in the prior case, Defendant's review at this time for confidential and privileged items means that it has met its burden of taking "reasonable steps to prevent disclosure" under Fed.R.Evid. 502(b)(2).

    7.    If after receiving the documents from Defendant, Plaintiffs find a document stamped "confidential" or one that may be subject to the work product rule or the attorney-client privilege, the parties agree to treat the document as if it was produced inadvertently until the following steps in this paragraph 7 have occurred.  Plaintiffs' counsel will notify Defendant's counsel and not further review, copy, use or disseminate the document in any way until the procedures below have been followed:

    a)    Defendant shall have ten calendar days after receiving such a notice to notify Plaintiffs' counsel that Defendant claims Plaintiffs should not have access to the document.

    b)    If Defendant does not notify Plaintiffs' counsel of such a claim within ten calendar days, it waives its right to do so.

    c)    If the basis of Defendant's timely claim is attorney-client privilege or the work product rule, or that the document is "confidential" under the protective order filed in Denver District Court, City of Colorado Springs v. PERA, case no. 2012 cv 5714, the parties will confer but, if an agreement cannot be reached, either party may bring the matter before this Court for resolution.

    d)    For purposes of notice under this paragraph, Plaintiffs' counsel are bmatise@burgsimpson.com, nboyle@burgsimpson.com, hchristman@burgsimpson.com,

ldanrec@comcast.net, and carrie@terryrectorlaw.com. Defendant's counsel are gvaughan@vaughandemuro.com, ddemuro@vaughandemuro.com, swhite@springsgov.com, and jzehner@springsgov.com.

8. If, after producing the documents, Defendant discovers a document that was marked "confidential" or that it contends is protected by the attorney-client privilege or the work product rule, it may proceed under Fed.R.Civ.P. 26(b)(5)(B), with notice being given to Plaintiffs' counsel as listed in ¶ 7d above.

DATED this 28th day of July, 2015.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM:

/s/David R. DeMuro
David R. DeMuro
Gordon L. Vaughan
VAUGHAN & DeMuro
3900 East Mexico Ave., Ste. 620
Denver, CO 80210
303-837-9200 (p)/ 303-837-9400 (f)
ddemuro@vaughandemuro.com

ATTORNEY FOR DEFENDANT

/s/Shane White
Shane White
Division Chief - Litigation
OFFICE OF THE CITY ATTORNEY, CITY OF COLORADO SPRINGS, COLORADO, WYNETTA P. MASSEY, CITY ATTORNEY
30 South Nevada, Suite 501
Colorado Springs, CO 80903
719-385-5909 (p)/ 719-385-5535 (f)
swhite@springsgov.com

ATTORNEYS FOR DEFENDANT

/s/ Nelson P. Boyle
Nelson P. Boyle
Brian K. Matise
BURG SIMPSON
40 Inverness Drive East
Englewood, CO 80112
T: (303)792-5595 | F: (303)708-0527
nboyle@burgsimpson.com
bmatise@burgsimpson.com

ATTORNEYS FOR PLAINTIFF