**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 14-cv-3508-CMA-CBS

KATHRYN ROMSTAD, and
MARGARETHE BENCH,

      Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS, a municipal corporation, and in its capacity as a
governmental enterprise doing business as Memorial Health System,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

      This case involves a dispute over entitlement to participation in Colorado's Public

Employees' Retirement Association ("PERA").  On March 10, 2015, Defendant City of

Colorado Springs ("the City") moved this Court for an order dismissing the Second

Amendment Complaint ("SAC") of Plaintiffs Kathryn Romstad and Margarethe Bench

(collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc.

# 23.)  Because Plaintiffs have failed to plead facts stating either a plausible claim for

breach of contract or a plausible claim under 42 U.S.C. § 1983, the City's Motion to

Dismiss is GRANTED.

## I.   <u>FACTUAL ALLEGATIONS</u>[1]

Prior to October 1, 2012, Memorial Health System ("MHS") was a general acute care hospital system owned and operated by the City.  (Doc. # 22 at 3, ¶ 10.)  Plaintiffs were employees of MHS.  (*Id.* at 4, ¶ 17-18.)  As MHS employees, Plaintiffs participated in PERA, a retirement and benefits program for employees of government agencies and public entities in Colorado.  (*Id.* at 5, ¶ 21.)

During their employment, MHS provided Plaintiffs with an employee handbook ("Handbook").[2]  (Doc. # 22–1.)  The Handbook began with a section entitled "Reservation of Rights," which stated, in part:

> Memorial Hospital reserves the right to modify, revoke, suspend, terminate or change any or all such plans, policies or procedures, in whole or in part, at any time, with or without notice.  The language used in this handbook is not intended to create, nor is it to be construed to constitute a contract between the Hospital and any or all of its employees.

(*Id.* at 4.)  With regard to the employees' participation in PERA, the Handbook stated, in part:

> As an employee of a City-owned facility, you will participate in a retirement plan under the Public Employees' Retirement Association (PERA).  A percentage of your pay, before it is taxed, is contributed to PERA.  The Hospital also contributes to this fund for you.  Participation is mandatory for all employees.

---

[1] When deciding a motion to dismiss under Rule 12(b)(6), this Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

[2] The City argues that the Handbook attached to Plaintiffs' SAC is not the employee handbook that was in effect on September 30, 2012.  (Doc. # 23 at 3.)  However, for purposes of deciding the instant Motion to Dismiss, the Court accepts as true the facts as alleged by Plaintiffs and, therefore, relies on the version of the Handbook attached to the SAC.  *See Williams*, 926 F.2d at 997.

In July 2012, the City reached an agreement with University of Colorado Health ("UC Health"), whereby the City would lease the operations of MHS to UC Health. UC Health is a Colorado non-profit corporation.  (Doc. # 22–3.)  The terms of the transfer were memorialized in two documents: the Integration and Affiliation Agreement ("Integration Agreement") (Doc. # 22–2) and the Health System Operating Lease Agreement ("Lease Agreement") (Doc. # 22–3), both dated July 2, 2012.

Section 5.6 of the Integration Agreement addressed the "transition of MHS employees" and stated, in part:

> As of the Effective Date, subject to operational needs and the UH Health Parties' review of each of the MHS Employees' qualifications, experience and personnel history, one or more of the UC Health Parties or their Affiliates, [The University of Colorado Hospital Authority] or Children's Hospital, as applicable, shall offer employment, for not less than a six (6) month period, to substantially all MHS Employees (including current members of the medical staff of the MHS Hospitals who are MHS employees) who are in good standing under applicable City and MHS human resources policies in place as of the Effective Date.  Each such offer of employment with any UC Health Party shall be for a position with the same base compensation then being provided by MHS prior to the Effective Date.  During the six (6) month period commencing on the Effective Date, no UC Health Party shall reduce the base compensation of any MHS Employee who accepts an offer of employment with such UC Health Party and shall provide such employees with employee retirement and health and welfare plans and programs that, in general, are no less favorable to the employees as an aggregate group than those offered to newly hired employees working within such UC Health Party.

(Doc. # 22–2 at 24.)

On October 1, 2012, the operations of MHS transitioned to UCH-MHS, a Colorado non-profit corporation referred to as "New Memorial" in the Integration Agreement and the Lease Agreement.  Following the transition, former MHS employees

who were hired by UC Health pursuant to § 5.6 of the Integration Agreement were not eligible for PERA benefits because UC Health is not a PERA-affiliated employer.  (Doc. # 22 at 9, ¶ 47.)  Thus, as of October 1, 2012, Plaintiffs no longer participated in PERA. (*Id.* at 9, ¶ 49.)  Plaintiffs allege that, in carrying out the lease transaction, "the City . . . terminate[d MHS]'s affiliation with PERA as of October 1, 2012 without following the statutory procedure for termination."  (*Id.* at 7, ¶ 40.)  The Colorado law governing PERA requires, in part, that an application to terminate PERA affiliation include a resolution "approved by at least sixty-five percent of the employees of the employer who are members."  C.R.S § 24-51-313.

On September 30, 2014, Plaintiffs sued the City in El Paso County District Court alleging that the City breached a contractual obligation to Plaintiffs "to pay retirement benefits in accordance with their ongoing participation in PERA so long as the City's affiliation with PERA was not otherwise legally terminated."  (Doc. # 1-1 at 5.)  Plaintiffs also alleged "statutory and constitutional violations" arguing that the City's "failure to adhere to its statutory obligations regarding the termination of PERA constitutes a wrongful taking and denial of due process."  (*Id.* at 5.)  A third cause of action in Plaintiffs' complaint sought mandatory injunctive relief in the form of an order requiring the City to provide Plaintiffs "with the benefits as if it had continued its participation in the PERA plan from October 1, 2012, through the present."  (*Id.* at 6.)

The City removed the action to federal court on December 31, 2014.  (Doc. # 1.) The SAC, filed by Plaintiffs on February 17, 2015, sets forth the same causes of action and seeks the same relief as their complaint initially filed in state court.  (Doc. # 22.)  On March 10, 2015, the City filed the instant Motion to Dismiss.  (Doc. # 23.)  Plaintiffs filed

a response on April 3, 2015 (Doc. # 32.), to which the City replied on April 20, 2015 (Doc. # 37).

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court must assume all allegations in the complaint are true "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556; *see also Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.").  Even so, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted).

Generally, a court may not consider evidence extraneous to the complaint when ruling on a 12(b)(6) motion to dismiss without converting the motion to one for summary judgment. *David v. City & Cty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). Notwithstanding this rule, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

5

## III.   **DISCUSSION**

### A.   **BREACH OF CONTRACT CLAIM**

Plaintiffs allege that they and the City "entered into a contract for employment, including benefits under PERA."  (Doc. # 22 at 12, ¶ 60.)  Plaintiffs assert that "[t]he terms of this contract included the City providing PERA benefits and complying with the statutory requirements of PERA, in exchange for Plaintiffs' continued employment and contributions to PERA."  (Doc. # 22 at 12, ¶ 61.)  However, Plaintiffs do not allege the existence of a signed employment agreement between them and the City.  Instead, Plaintiffs argue that the Handbook constitutes a binding contract.

Whether the language in an employee handbook constitutes a contract is a question of law.  *Ferrera v. Nielsen*, 799 P.2d 458 (Colo. App. 1990).  After reviewing Plaintiffs' allegations, the Court finds that Plaintiffs have not plead sufficient facts to support a plausible claim that the Handbook itself is a legally-enforceable contract or that its terms created enforceable contract rights.  To establish that an employee handbook or manual "resulted in a contract, the employee must establish that the employer's actions manifested to a reasonable person an intent to be bound by the provisions of the manual or handbook."  *Evenson v. Colo. Farm Bureau Mut. Ins. Co.*, 879 P.2d 402, 409 (Colo. App. 1993).  No implied contract is formed when an employee handbook contains a clear and conspicuous disclaimer relinquishing the employer's intent to be bound.  *Ramirez v. The GEO Grp., Inc.*, 655 F. Supp. 2d 1170, 1186 (D. Colo. 2009) (citing *Ferrera*, 799 P.2d at 461).

Plaintiffs fail to allege any facts demonstrating that the City's actions manifested an intent to be bound by the provisions of the Handbook.  In fact, the Handbook

6

expressly disclaims any intent to enter into a contract.  Specifically, the Handbook

provides that MHS "reserves the right to modify, revoke, suspend, terminate[,] or

change any or all such plans, policies[,] or procedures, in whole or in part, at any time,

with or without notice" and that the language in the Handbook "is not intended to create"

or "be construed to constitute a contract."  (Doc. # 22–1 at 4.)  This language clearly

and conspicuously alerts a reasonable employee of the City's intent not to be bound by

the provisions of the Handbook.  Thus, Plaintiffs' first claim for breach of contract is

dismissed because Plaintiffs have failed to allege facts that would support a plausible

claim that a contract existed between Plaintiffs and the City.

> ### B.      42 U.S.C. § 1983 CLAIM

Next, Plaintiffs claim that the City deprived them of a property interest in PERA

benefits without due process.  Specifically, Plaintiffs allege that once MHS opted into

PERA, Plaintiffs had a constitutionally protected right to continued participation in the

program throughout their employment unless the City went through the termination

process.  (Doc. # 22 at 13, ¶ 69.)

"[T]he Due Process Clause provides that certain substantive rights—life, liberty,

and property—cannot be deprived except pursuant to constitutionally adequate

procedures."  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).  "To

determine whether a plaintiff was denied procedural due process, [the court] engages in

a two-step inquiry: (1) Did the individual possess a protected interest to which due

process protection was applicable? (2) Was the individual afforded an appropriate level

of process?"  *Schulz v. City of Longmont*, 465 F.3d 433, 443 (10th Cir. 2006) (citation

omitted).  "To have a property interest in a benefit, a person clearly must have more

than an abstract need or desire and more than a unilateral expectation of it.  He [or she] must, instead, have a legitimate claim of entitlement to it."  *Town of Castle Rock v. Gonzalez*, 545 U.S. 748, 756 (2005) (internal quotation marks and citation omitted).

State law determines whether a person has a legitimate claim of entitlement to a benefit, while federal constitutional law determines "whether an individual has a *protected* property interest under state law."  *Schulz*, 465 F.3d at 444 (emphasis in original).  "State law sources for property interests can include statutes, municipal charters or ordinances, and express or implied contracts."  *Kingsford v. Salt Lake City Sch. Dist.*, 247 F.3d 1123, 1128 (10th Cir.2001).

Plaintiffs allege that they have a "right to continued participation in PERA and PERA benefits under the terms of the PERA plan" and that the Constitutions of both the United States and Colorado protect this right.  (Doc. # 22 at 13, ¶ 66.)  Plaintiffs contend that the City deprived them of PERA benefits without due process when it terminated MHS's PERA affiliation without following the termination process outlined in § 24-51-313.  (*Id.* at ¶ 68.)  In its motion to dismiss, the City counters that the PERA statute is not applicable in this scenario because the City ceased to be Plaintiffs' employer as of October 1, 2012.  (Doc. # 23 at 12.)  Thus, the City contends that it was not required to continue paying benefits for former employees to participate in PERA, regardless of whether it followed the termination procedure set forth in § 24-51-313.  (*Id.*)

Colorado law requires that "[a]ll employees who hold positions subject to [PERA] membership and whose salaries are paid by an employer shall become members as a condition of employment."  C.R.S. § 24-51-301.  While this statutory provision may create a claim of entitlement to PERA benefits by employees of PERA-affiliated

8

employers, individuals who no longer hold that position cease to be eligible for PERA membership and, therefore, no longer have a valid claim of entitlement to PERA benefits.  Thus, the issue in this case becomes whether Plaintiffs have sufficiently plead that they continue to hold a position subject to PERA membership.

Plaintiffs argue that MHS never terminated them; rather, that they "remain at MHS, leased along with the building to another entity."  (Doc. # 32 at 16.)  Under Colorado law, an individual's employment status is a question of law.  *See Brush Hay & Mill, Co. v. Small*, 388 P.2d 84, 86 (Colo. 1963) ("[T]he issue as to whether Small was an employee of Brush Hay poses a question of law, not a question of fact."); *Brighton Sch. Dist. v. Lyons*, 873 P.2d 26, 28 (Colo. App. 1993) ("[T]he determination of employment status is a question of law . . . ."); *Woods v. Nationbuilders Ins. Services, Inc.*, No. 11–cv–02151–CMA–KMT, 2012 WL 4478948, at *5 (D. Colo. Sept. 27, 2012). Therefore, Plaintiffs' allegation that they are still MHS employees, without more, is a legal conclusion that this Court is not bound to accept as true.

Notably, the SAC lacks any factual allegations to support a claim that Plaintiffs hold a position subject to PERA membership.  For example, there are no allegations that Plaintiffs' salaries are paid by a PERA-eligible employer—a prerequisite to obtaining PERA benefits.  *See* C.R.S. § 24-51-301.  Without such allegations, Plaintiffs have not shown a legitimate claim of entitlement to PERA benefits and, therefore, have failed to state a plausible claim for relief under § 1983.

Although Plaintiffs' employment with MHS required them to participate in PERA prior to October 1, 2012, the Integration and Lease Agreements cited in the SAC demonstrate that Plaintiffs are no longer MHS employees as of October 1, 2012.  For

example, the Integration Agreement states that UC Health "shall offer employment, for not less than a six (6) month period, to substantially all MHS Employees . . . who are in good standing" and UC Health shall not "reduce the base compensation of any MHS Employee who accepts an offer of employment." (Doc. # 22–2 at 24–25.) This language indicates that, after the transition, UC Health, not MHS, employed Plaintiffs. Because UC Health—a Colorado non-profit corporation—is not a PERA-affiliated employer, Plaintiffs have no legitimate claim of entitlement to PERA benefits. Therefore, the Court dismisses Plaintiffs' § 1983 claim.

### C.     INJUNCTIVE RELIEF

Plaintiffs' request for injunctive relief—improperly plead as an independent cause of action—rests on the success of the first two claims. Accordingly, the Court dismisses Plaintiffs' third claim for injunctive relief.

### IV.     <u>CONCLUSION</u>

Based on the foregoing, the City's Motion to Dismiss (Doc. # 23) is GRANTED. It is ORDERED that Plaintiffs' Second Amended Complaint is DISMISSED WITH PREJUDICE. The Court dismisses Plaintiffs' complaint with prejudice because it believes that allowing Plaintiffs an opportunity to cure the defects by amending their complaint a third time would be futile. *See, e.g.*, *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1125-26 (10th Cir. 1997) (affirming the district court's order dismissing the plaintiff's complaint with prejudice and "finding it would be 'futile' to allow amendment"). Plaintiffs have had ample opportunity to incorporate into their pleadings all factual allegations that would support their claims. With regard to their claim brought pursuant to 42 U.S.C. § 1983, this Court has found that Plaintiffs fail to show an interest in

continued PERA benefits because of their employment status.  Plaintiffs' employment status is a legal determination based on the facts as alleged by Plaintiffs.  With regard to their breach of contract claim, this Court has found that Plaintiffs fail to allege the existence of a contract because the language contained in the Handbook is not a contract as a matter of law.  Thus, the Court believes that Plaintiffs can make no additional factual allegations that would save them from a Rule 12(b)(6) motion to dismiss.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), the Court awards costs to the City.

DATED: August 10, 2015

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge